**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

# 05 - 11722 RWZ

MAGISTRATE JUDGE _MBB_

| | |
|---|---|
| RENÉ CORMIER, INDIVIDUALLY AND AS VOLUNTARY EXECUTOR FOR, THE ESTATE OF MARGARET CORMIER | COMPLAINT FOR PERSONAL INJURIES WRONGFUL DEATH AND DAMAGES |
| Plaintiff, | [DEMAND FOR JURY TRIAL] |
| v. | RECEIPT # |
| WYETH dba WYETH, INC.; WYETH PHARMACEUTICALS, INC.; PHARMACIA & UPJOHN COMPANY; PFIZER INC.; GREENSTONE LTD., Defendants. | AMOUNT $250 SUMMONS ISSUED Y -10 LOCAL RULE 4.1 WAIVER FORM MCF ISSUED BY DPTY. CLK. FDM DATE 8 14 05 |

Plaintiff alleges the following upon information and belief, except paragraph 4, which Plaintiff alleges based upon knowledge:

## NATURE OF THE CASE

1.    Plaintiff René Cormier is a resident of the State of Massachusetts residing at 3 Greenleaf Dr., Danvers, MA, and is the spouse and Voluntary Executor of the Estate of Margaret Cormier, deceased. Margaret Cormier developed ovarian cancer caused by her ingestion of prescription hormone replacement therapy medications, specifically Premarin, Provera and Medroxyprogesterone ("MPA") (collectively "hormone therapy drugs" or "hormone therapy products"). This lawsuit asserts claims for negligence; strict product liability for design defect; strict product liability for failure to warn; breach of implied warranty against the Defendants responsible for the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of those hormone therapy products that caused her injuries; wrongful death and conscious suffering; and punitive damages.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of citizenship). The matter in controversy in this civil action exceeds the sum or value of $75,000, exclusive of costs and interests, as to each Defendant, and is between citizens of different states.

3. Venue is proper in this District under 28 U.S.C. §1391 because Defendants transact business in this District.

## THE PARTIES

### Plaintiffs

4. Plaintiff René Cormier is a resident of the State of Massachusetts residing at 3 Greenleaf Dr., Danvers, MA, and is the spouse and Voluntary Executor of the Estate of Margaret Cormier, deceased. (Commonwealth of Massachusetts Voluntary Executor/Executrix letters of administration attached as Exhibit 1). Margaret Cormier (hereinafter "Plaintiff's decedent") ingested the Defendants' hormone therapy products, Premarin, Provera and MPA, from approximately 1990 to 2000. Plaintiff's decedent was diagnosed with ovarian cancer on August 27, 2001, and this cancer caused her death on August 28, 2004. (Commonwealth of Massachusetts Certificate of Death attached as Exhibit 2). Plaintiff's decedent suffered death, permanent disfigurement, pain, suffering and other damages as a result of her injuries.

### Defendants

5. Defendants as to Premarin that Plaintiffs decedent ingested:

    a. Defendant Wyeth dba Wyeth, Inc. is a Delaware corporation with its principal place of business in Madison, New Jersey. At all relevant times, this Defendant was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products, including the hormone therapy drug Premarin.

Page 2 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

b.    Defendant Wyeth Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Collegeville, Pennsylvania. At all relevant times, this Defendant was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products, including the hormone therapy drug Premarin.

c.    For purposes of this Complaint, all of the Wyeth companies, corporations, subsidiaries, and divisions will be collectively referred to as "Wyeth." Wyeth includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers and organizational units of any kind, their predecessors, successors and assigns and their present officers, directors, employees, agents, representatives and other persons acting on their behalf, including but not limited to Wyeth-Ayerst Laboratories Company; Wyeth-Ayerst Laboratories Inc.; Wyeth-Ayerst Pharmaceuticals Inc.; and Ayerst Laboratories Inc. At all material times before March 11, 2002, Wyeth conducted business, operated under the name, and was formerly known as American Home Products Corporation.

6.    Defendants as to Provera that Plaintiff's decedent ingested:

a.    Defendant Pharmacia & Upjohn Company, fka The Upjohn Company of Delaware, fka The Upjohn Company, is a Delaware corporation with its principal place of business in Michigan. At all relevant times, this Defendant was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products, including the hormone therapy drug Provera.

Page 3 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

b.     Defendant Pfizer Inc., fka Chas. Pfizer & Co., Inc., is a Delaware corporation with its principal place of business in New York, New York. At all relevant times, this Defendant was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products, including the hormone therapy drug Provera. Upon information and belief, a merger between Defendant Pfizer and Pharmacia & Upjohn, Inc. has made Defendant Pfizer responsible for the obligations, debts and liabilities of Pharmacia & Upjohn, Inc.

7.    Defendants as to the MPA that Plaintiff's decedent ingested:

a.     Defendant Greenstone Ltd., is a Delaware corporation with its principal place of business in Michigan. At all relevant times, this Defendant was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products, including the hormone therapy drug MPA.

## FACTUAL ALLEGATIONS

### Plaintiff's Decedent's Injuries

8.    Plaintiff's decedent ingested Defendants' hormone therapy drugs, specifically Premarin, Provera and MPA, from 1990 until 2000.

9.    As a result of ingesting these hormone drugs, Plaintiff's decedent developed ovarian cancer, resulting in death, personal injuries and damages. Her ovarian cancer was diagnosed in August, 2001; and she died on August 28, 2004.

10.    Plaintiff timely filed this lawsuit.

Page 4 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

## Defendants' Misconduct

11.  At all material times, each Defendant was responsible for designing, manufacturing, producing, testing, studying, inspecting, mixing, labeling, marketing, advertising, selling, promoting, and/or distributing their hormone drugs described herein, which Plaintiff's decedent ingested.

12.  Each Defendant had an independent obligation to know, analyze, and disclose scientific and medical information about their hormone therapy drugs in a timely and adequate manner, and to provide warnings about risks and side effects as soon as it was aware of them. Each Defendant failed to do so with respect to their hormone therapy drugs that Plaintiff's decedent ingested, including by failing to know, analyze, and/or disclose an increased incidence and risk of strokes, blood clots, heart attacks, breast cancers, and ovarian cancer from these drugs.

13.  Each Defendant made claims regarding the health benefits of ingesting their hormone drugs, and the risks and side effects of these drugs. Each Defendant knew or should have known that these claims were false and misleading. They failed to adequately disclose the true health consequences, and the true risks and side effects from these drugs, including the increased incidence and risks of strokes, blood clots, heart attacks, breast cancers, and ovarian cancer.

14.  Each Defendant failed to conduct adequate pre-marketing clinical testing and research, and failed to conduct adequate post-marketing surveillance, to determine the safety of their hormone drugs, including with respect to the causal connection between their hormone therapy drugs and strokes, blood clots, heart attacks, breast cancers, and ovarian cancer.

15.  Each Defendant failed to disclose on their warning labels or elsewhere that adequate pre-marketing clinical testing and research, and adequate post-marketing surveillance, had not been done, thereby giving the false impression that their hormone therapy drugs had been sufficiently tested.

Page 5 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

16.    Each Defendant knew or should have known that, at all material times, its communications about the benefits, risks, and adverse effects of its hormone therapy drugs, including communications in labels, advertisements and promotional materials, were materially false and misleading. In the alternative, each Defendant was ignorant of whether or not its communications about its hormone drugs were true in material ways.

17.    Plaintiff's decedent would not have ingested the hormone therapy drugs described herein, or would have discontinued their use, or would have used safer alternative methods, had Defendants disclosed the true health consequences, risks, and adverse events, including the increased incidence and risk of ovarian cancer and other illnesses, caused by their hormone drugs.

18.    Each Defendant's nondisclosures and misrepresentations as alleged herein were material, and were substantial factors that contributed directly and causally, and naturally and necessarily, to the death, serious injuries and damages that Plaintiff's decedent suffered.

19.    Each Defendant's conduct was negligent; malicious, willful and reckless; and constituted gross negligence.

## FRAUDULENT CONCEALMENT

20.    Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of material facts known by Defendants when they had a duty to disclose those facts. They have kept Plaintiff ignorant of vital information essential to his pursuit of these claims, without any fault or lack of diligence on Plaintiff's part, for the purpose of obtaining delay on Plaintiff's part in filing a complaint on his causes of action. Their fraudulent concealment did result in such delay. Plaintiff could not reasonably have discovered these claims until shortly before filing this complaint.

21.    The Defendants are and were under a continuing duty to disclose the true character, quality, and nature of their hormone drugs that Plaintiff's decedent ingested, but instead they

Page 6 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

concealed them. As a result, Defendants are estopped from relying on any statute of limitations defense.

## CLAIMS FOR RELIEF

### First Claim Against All Defendants

#### (Negligence)

22.     Plaintiff realleges all previous paragraphs.

23.     Defendants introduced their hormone therapy drugs described herein into the stream of commerce.

24.     At all material times, Defendants had a duty to Plaintiff's decedent and other consumers of their hormone therapy drugs to exercise reasonable care in order to properly design, manufacture, produce, test, study, inspect, mix, label, market, advertise, sell, promote, and distribute these products. This includes a duty to warn of side effects, and to warn of the risks, dangers, and adverse events associated with their hormone drugs.

25.     Defendants knew, or in the exercise of reasonable care should have known, that their hormone therapy drugs were of such a nature that they were not properly designed, manufactured, produced, tested, studied, inspected, mixed, labeled, marketed, advertised, sold, promoted, and distributed, and they were likely to cause injury to those who ingested them.

26.     Defendants were negligent in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and distribution of their hormone therapy drugs, and breached duties they owed to Plaintiff's decedent. In particular, Defendants:

> a.     Failed to use due care in the preparation of their hormone therapy drugs to prevent the aforementioned risks to women when the drugs were ingested;
>
> b.     Failed to use due care in the design of their hormone therapy drugs to prevent the aforementioned risks to women when the drugs were ingested;

Page 7 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

c.      Failed to conduct adequate pre-clinical testing and research to determine the safety of their hormone therapy drugs;

d.      Failed to conduct adequate post-marketing surveillance to determine the safety of their hormone therapy drugs;

e.      Failed to accompany their products with proper warnings regarding all possible adverse side effects associated with the use of their hormone therapy drugs and the comparative severity and duration of such adverse effects;

f.      Failed to use due care in the development of their hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

g.      Failed to use due care in the manufacture of their hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

h.      Failed to use due care in the inspection of their hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

i.      Failed to use due care in the labeling of their hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

j.      Failed to use due care in the marketing of their hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

k.      Failed to use due care in the promotion of their hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

l.      Failed to use due care in the selling of their hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

m.     Failed to provide adequate information to healthcare providers for the appropriate use of their hormone therapy drugs;

n.     Failed to adequately warn about the health consequences, risks, and adverse events caused by their hormone therapy drugs; and

o.     Were otherwise careless and negligent.

27.    Defendants knew or should have known that their hormone therapy drugs caused unreasonable harm and dangerous side effects that many users would be unable to remedy by any means. Despite this, Defendants continued to promote and market their hormone therapy drugs for use by consumers, including Plaintiff's decedent, when safer and more effective methods of countering the negative health effects of menopause were available.

28.    It was foreseeable to Defendants that consumers, including Plaintiff's decedent, would suffer injury as a result of Defendants' failure to exercise ordinary care as described herein.

29.    As a direct and proximate result of Defendants' conduct, Plaintiff and Plaintiff's decedent suffered the injuries and damages specified herein.

## Second Claim Against All Defendants

### (Strict Liability: Design Defect)

30.    Plaintiff realleges all previous paragraphs.

31.    Defendants manufactured and/or supplied the hormone therapy drugs described herein, and at all material times were in the business of doing so. They placed these drugs into the stream of commerce. These drugs were expected to, and did, reach Plaintiff's decedent without substantial change in their condition. Plaintiff's decedent ingested these hormone therapy drugs.

Page 9 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

32. At the time the hormone therapy drugs left Defendants' hands, these drugs were in a condition not contemplated by Plaintiff's decedent, and were unreasonably dangerous to her.

33. These hormone therapy drugs were each dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased them. They were more dangerous than Plaintiff's decedent contemplated.

34. The risks of each of these hormone therapy drugs outweigh its utility.

35. At the time of manufacture, the likelihood the product would cause the Plaintiff's decedent harm or similar harms, and the seriousness of those harms, outweighed Defendants' burden to design a product that would have prevented those harms.

36. There were practicable and feasible safer alternatives to the Defendants' hormone therapy drugs for treating menopause symptoms.

37. As a direct and proximate result of Defendants' conduct, Plaintiff and Plaintiff's decedent suffered the injuries and damages specified herein.

## Third Claim Against All Defendants

### (Strict Liability: Failure to Warn)

38. Plaintiff realleges all previous paragraphs.

39. Defendants manufactured and/or supplied the hormone therapy drugs described herein, and at all material times were in the business of doing so. They placed these drugs into the stream of commerce. These drugs were expected to, and did, reach Plaintiff's decedent without substantial change in their condition. Plaintiff's decedent ingested these hormone therapy drugs.

40. When Defendants placed their hormone therapy drugs into the stream of commerce, they failed to accompany them with adequate warnings. They failed to warn of the true risks and dangers, and of the symptoms, scope and severity of the potential side effects of the hormone therapy products Plaintiff's decedent ingested. These risks, dangers, and side effects include, but are not limited to, strokes, blood clots, heart attacks, breast cancers, and ovarian cancer.

Page 10 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

41.     Due to the inadequate warnings as alleged herein, at the time the hormone therapy drugs left Defendants' hands, these drugs were in a condition not contemplated by Plaintiff's decedent, and were unreasonably dangerous to her. They were dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchased them. They were more dangerous than Plaintiff's decedent contemplated.

42.     Their risks outweighed their utility. At the time of manufacture, the likelihood the product would cause the Plaintiff's decedent harm or similar harms, and the seriousness of those harms, outweighed Defendants' burden to design a product that would have prevented those harms.

43.     Had Defendants provided adequate warnings and instructions, Plaintiff's decedent would not have ingested these drugs, and would not have suffered the death and personal injuries she did.

44.     As a direct and proximate result of Defendants' conduct, Plaintiff and Plaintiff's decedent suffered the injuries and damages specified herein.

## Fourth Claim Against All Defendants

### (Breach of Implied Warranty)

45.     Plaintiff realleges all previous paragraphs.

46.     At the time Defendants designed, manufactured, produced, tested, studied, inspected, mixed, labeled, marketed, advertised, sold, promoted, and distributed their hormone drugs for use by Plaintiff's decedent, they knew of the use for which their hormone drugs were intended, and impliedly warranted their products to be of merchantable quality and safe and fit for their intended use.

47.     Contrary to such implied warranty, their hormone drugs were not of merchantable quality or safe or fit for their intended use because they were and are unreasonably dangerous and unfit for the ordinary purposes for which they were used, as alleged herein.

48.   As a direct and proximate result of Defendants' conduct, Plaintiff and Plaintiff's decedent suffered the injuries and damages specified herein.

## Fifth Claim Against All Defendants

### (Wrongful Death and Conscious Suffering)

49.   Plaintiff realleges all previous paragraphs.

50.   On October 14, 2004, letters of administration of the Estate of Margaret Cormier, deceased, were duly filed and granted to Plaintiff by the Commonwealth of Massachusetts Probate Court, Essex Division, to maintain this action.

51.   Because of Defendants' aforementioned negligent conduct, malicious, willful and reckless conduct; and gross negligence, the deceased Plaintiff consumed medication that was defective and the proximate cause of contracting ovarian cancer. Plaintiff's decedent was diagnosed on August 27, 2001 and died from said cancer on August 28, 2004.

52.   The resulting injuries to the decedent and her subsequent death were caused by the negligence of the Defendants.

53.   Defendants' conduct is causing the death of decedent was malicious, willful, and reckless as specified in ¶¶11-19, 22-29 herein.

54.   Defendants' conduct in causing the death of decedent constituted gross negligence as specified in ¶¶11-19, 22-29 herein.

55.   Decedent is survived by Rene Cormier, the decedent's husband, father of the decedent's children, and Voluntary Executor of the Estate of Margaret Cormier, whose beneficiaries have suffered compensatory damages including loss of care, comfort, guidance, companionship, society, assistance, loss of consortium, loss of services, loss of income, and funeral and burial expenses and punitive damages as required under Mass. Chapter 229.

Page 12 –COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

56.     As a direct and proximate result of Defendants' negligence, malicious willful and reckless conduct, and gross negligence, the decedent suffered constant and excruciating pain of body and anguish of mind from the time of diagnosis of ovarian cancer until the time of her death.

57.     Plaintiff and Plaintiff's decedent incurred expenses for medical, nursing, hospital care and treatment.

58.     The Plaintiff's Executor brings this claim for compensatory damages, punitive damages, and for all damages allowed under Chapter 229 §2 and Chapter 229 §6 of the laws of the Commonwealth of Massachusetts.

59.     As a direct and proximate result of Defendants' conduct, Plaintiff and Plaintiff's decedent suffered the injuries and damages specified herein.

## PRAYER FOR RELIEF

60.     WHEREFORE, Plaintiff seeks judgment in his favor against the Defendants, jointly and severally, as follows:

(a)     Economic and non-economic damages in an amount in excess of $75,000 as provided by law and to be supported by the evidence at trial;

(b)     An award of attorneys' fees and costs of suit, as provided by law;

(c)     Punitive damages; and

(d)     Such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury.

DATED this _____ day of August, 2005

_____
Donald R. Grady, Jr. Esq.  Bar #: 544841
Sheff Law Offices, P.C.
10 Tremont St., 7th Floor
Boston, MA  02108
(617) 227-7000 telephone
(617) 227-8833 facsimile


Richard S. Lewis
James J. Pizzirusso
COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
1100 New York Ave., NW
Suite 500 West
Washington, D.C.  20005-3964
(202) 408-4600 telephone
(202) 408-4699 facsimile

Attorneys for Plaintiff

# EXHIBIT 1

**Commonwealth of Massachusetts**
The Trial Court
*Essex* __Division    Probate and Family Court Department    Docket No. *04P2591VE1*

## Voluntary Executor/Executrix

Name of Decedent_ Margaret Cormier aka Margaret Mary Cormier aka Margaret M. Cormier

Domicile at Death_ 3 Greenleaf Dr. Danvers ESSEX 01923
(Street and No.)           (City or Town)      (County)    (Zip)

Date of Death_ Aug 28, 2004    Joint owner

Will and Death Certificate shall be filed with application.
Name and address of Applicant(s)_ Mr Rene V. Cormier A 3 Greenleaf Dr.
Danvers MA 01923    Status _ States Spouse/Executor

Your applicant(s) respectfully state(s) that said estate consisting entirely of personal property the total value of which does not exceed fifteen thousand dollars ($15,000) exclusive of the decedent's automobile as shown by the following schedule of all the assets of said deceased known to the applicant(s):

| Name of Property | Estimated Value |
|---|---|
| Medical Records of Margaret Cormier | $ 50 |
| | $ |
| | $ |
| | $ |
| | $ |
| **Total** | $ ~~60~~ 50 |

That thirty days have expired since the date of death of said deceased and no petition for probate of will or appointment of administrator/administratrix has been filed in said Court.

That your applicant(s) ha_ *S* _ undertaken to act as voluntary executor/executrix of the estate of said deceased and will administer the same according to law and apply the proceeds thereof in conformity with Section 16A of Chapter 195 of the General Laws.

That to the knowledge of the applicant(s) the following are the names and addresses of all persons surviving who, with the deceased, were joint owners of property; also listed are the names and addresses of those who would take under the provisions of Section 3 of Chapter 190 in the case of intestacy, and the names and addresses of those who would take under the provisions of the will.

~~None~~ Mark Cormier, son 706 Green St Sam Francis Co CA
Michelle Cormier 1550 Fence Row Dr Fairfiel CT daughter
Nanette Cormier 50 Hawthorne Arlington MA daughter

☑ The applicant(s) hereby certif *ies* that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the **Division of Medical Assistance, P.O. Box 15205, Worcester, Massachusetts 01615-9906.**

Date October 12, 2004    Signature(s) Rene U - Cormier

### NOTARIZATION

_ Essex _, ss.    Date October 12, 20 04

Then personally appeared Rene V. Cormier
to me known and made oath that the information contained in the foregoing statement is true to the best of his/her/ their knowledge and belief.

Before me, Lynne D. Osborne    Lynne D. Osborne
[NOTARY PUBLIC/JUSTICE OF THE PEACE]

My Commission expires_ March 9, 2011 :

CJ-P7A (3/02)

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

Essex _____ **Division**

Docket No. _04P2591VE1_

## Voluntary Executor/Executrix

Name of Decedent ___Margaret    Cormier a.k.a. margaret M. Cormier___ margaret Mary Cormier a/k/a

Domicile at Death ___3 Greenleaf Dr.___ ___Danvers___ ___ESSEX___ ___01923___
(Street and No.)                    (City or Town)        (County)        (Zip)

Date of Death ___Aug 28, 2004___    Joint owneu

Will and Death Certificate shall be filed with application.

Name and address of Applicant(s) ___Mr Rene V. Cormier, 3 Greenleaf Dr.___
___Danvers MA 01923___    Status ___Statos Spouse / Executor___

Your applicant(s) respectfully state(s) that said estate consisting entirely of personal property the total value of which does not exceed fifteen thousand dollars ($15,000) exclusive of the decedent's automobile as shown by the following schedule of all the assets of said deceased known to the applicant(s):

| Name of Property | Estimated Value |
|---|---|
| Medical Records of Margaret Cormier | $ 50 |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
| **Total** | $ ~~00~~ 50 |

That thirty days have expired since the date of death of said deceased and no petition for probate of will or appointment of administrator/administratrix has been filed in said Court.

That your applicant(s) ha_s_ undertaken to act as voluntary executor/executrix of the estate of said deceased and will administer the same according to law and apply the proceeds thereof in conformity with Section 16A of Chapter 195 of the General Laws.

That to the knowledge of the applicant(s) the following are the names and addresses of all persons surviving who, with the deceased, were joint owners of property; also listed are the names and addresses of those who would take under the provisions of Section 3 of Chapter 190 in the case of intestacy, and the names and addresses of those who would take under the provisions of the will.

~~None~~    Mark Cormier, son    706 Green St  Sam Francis Co CA
Michell Cormier  1550 Fance Row Or  Fairfiel CT, daught
Nanette Cormier  50 Hawthorne Avlington MA daught

☑ The applicant(s) hereby certif_ies_ that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the **Division of Medical Assistance, P.O. Box 15205, Worcester, Massachusetts 01615-9906.**

Date ___October 12, 2004___    Signature(s) ___Rene'U - Cormier___

### NOTARIZATION

___Essex___, ss.    Date ___October 12___, 20_04_

Then personally appeared ___Rene V. Cormier___
to me known and made oath that the information contained in the foregoing statement is true to the best of his/her/ their knowledge and belief.

Before me, ___Lynne D. Osborne___  ___Lynne D. Osborne___
[NOTARY PUBLIC/~~JUSTICE OF THE PEACE~~]

My Commission expires ___March 3, 2011___

CJ-P7A (3/02)

ENTRY FEE PAID
ESSEX PROBATE COURT

For Petitioner:

*Bene Cormeer*

*3 Greenleaf Dr., Danvers Ma*
01923

Tel. No. (        ) _____

B.B.O. # _____

Docket No. _04 P 2591 VE1_

**Voluntary Executor**

**Statement**

**F I L E D** OCT 1 4 2004

Filed _____, 20 _____

Attested Copy Issued __OCT 1 9 2004_20 _____

Recorded Vol._____ Page _____

### Instructions

Refer to Massachusetts General Laws Chapter 195, Section 16A, as amended.

Will and Death certificate must be filed with application.

Give motor vehicle identification number.

Status of applicant: the executor must be the person named in the will and be of full age and legal capacity. A nonresident voluntary executor must appoint a resident agent.

### Notice Regarding Massachusetts Estate Taxes

You may need to file a Massachusetts Estate Tax Return and a Massachusetts Fiduciary Income Tax Return, especially if the decedent owned an interest in real estate, or if the decedent had more than $100 of income received after the date of death.

You may need to file a Massachusetts Estate Tax Return (Form M-706) in order to obtain a release of lien (Form M-792) on this real estate.

You may need to file a Massachusetts Fiduciary Income Tax Return (Form 2) to report income of more than $100 received after the date of death.

You should contact the Massachusetts Estate Tax Bureau for information and assistance regarding the estate tax law (617-727-4448) or the fiduciary income tax law (617-727-4305).

I, Pamela Casey O'Brien, Register of Probate Court for Essex County do hereby certify that the foregoing is a true copy of a document on file in this court.                    OCT 1 9 2004

IN WITNESS, Whereof, I have set my hand and affixed the seal of said Court this _____

ESSEX, SS                                                                                    PROBATE COURT

CERTIFIED                    REGISTER OF PROBATE                    A TRUE COPY

# EXHIBIT 2

12/06/2004  14:00    1978774655    PAGE  02

## The Commonwealth of Massachusetts
STANDARD CERTIFICATE OF DEATH
REGISTRY OF VITAL RECORDS AND STATISTICS

RUCTIONS ON REVERSE SIDE)
FOR USE BY
PHYSICIANS AND
MEDICAL EXAMINERS

REGISTERED NUMBER ___  STATE USE ONLY

| DECEDENT - NAME | FIRST | MIDDLE | LAST | SEX | DATE OF DEATH (Mo., Day, Yr.) |
|---|---|---|---|---|---|
| Margaret | Mary | | Cormier | fem. | August 28, 2004 |

| PLACE OF DEATH (City/Town) | COUNTY OF DEATH | HOSPITAL OR OTHER INSTITUTION - Name (If not in either, give street and number) |
|---|---|---|
| Danvers | Essex | 3 Greenleaf Drive |

PLACE OF DEATH (Check only one):
HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA
OTHER: ☐ Nursing Home ☒ Residence ☐ Other (Specify)

SOCIAL SECURITY NUMBER: 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
IF US WAR VETERAN SPECIFY WAR

WAS DECEDENT OF HISPANIC ORIGIN? (if yes, Specify Puerto Rican, Dominican, Cuban, etc.)
☒ NO ☐ YES

RACE (e.g. White, Black, American Indian, etc.) (Specify): White

DECEDENT'S EDUCATION (Highest Grade Completed) Elementary Sec (0-12) | College (1-4, 5+): 5+

| AGE - Last Birthday (YRS.) | UNDER 1 YEAR MOS. DAYS | UNDER 1 DAY HOURS MINS | DATE OF BIRTH (Mo., Day, Yr.) | BIRTHPLACE (City and State or Foreign Country) |
|---|---|---|---|---|
| 64 | | | March 11, 1940 | Fall River, Massachusetts |

| MARRIED, NEVER MARRIED WIDOWED OR DIVORCED | LAST SPOUSE (If wife, give maiden name) | USUAL OCCUPATION (Prior - If Retired) | KIND OR BUSINESS OR INDUSTRY |
|---|---|---|---|
| Married | Rene Cormier | College Professor | Community College |

| RESIDENCE - NO. & ST. CITY/TOWN, COUNTY, STATE/COUNTRY | | | ZIP CODE |
|---|---|---|---|
| 3 Greenleaf Drive, Danvers, Essex Co., Massachusetts | | | 01923 |

| FATHER - FULL NAME | STATE OF BIRTH (If not in U.S. name country) | MOTHER - NAME (GIVEN) (MAIDEN) | STATE OF BIRTH (If not in U.S. name country) |
|---|---|---|---|
| Joseph Henry Moreau | Mass. | Eva Charbonneau | Mass. |

| INFORMANT'S NAME | MAILING ADDRESS - NO. & ST., CITY/TOWN, STATE, ZIP CODE | RELATIONSHIP |
|---|---|---|
| Rene Cormier | 3 Greenleaf Dr., Danvers, MA 01923 | husband |

METHOD OF IMMEDIATE DISPOSITION:
☐ BURIAL ☒ CREMATION
☐ ENTOMBMENT ☐ REMOVAL FROM STATE
☐ DONATION ☐ OTH. (Spec.)

| FUNERAL SERVICE LICENSEE OR OTHER DESIGNEE | LICENSE # |
|---|---|
| Kevin M. Lyons | 6422 |

| PLACE OF DISPOSITION (Name of Cemetery, Crematory or other) | LOCATION (City/Town, State) |
|---|---|
| Walnut Grove Crematory | Danvers, Massachusetts |

| DATE OF DISPOSITION (Mo., Day, Yr.) | NAME AND ADDRESS OF FACILITY OR OTHER DESIGNEE |
|---|---|
| Aug. 31, 2004 | C.R. Lyons & Sons, Inc., 28 Elm St., Danvers, MA 01923 |

PART I - Enter the diseases, injuries, or complications that caused the death. Do not use only the mode of dying, such as cardiac or respiratory arrest, shock or heart failure. List only one cause on each line 3 through 0 PRINT OR TYPE LEGALLY.

Approximate Interval Between Onset and Death

IMMEDIATE CAUSE (Final disease or condition resulting in death) → OVARIAN CANCER — 36 MONTHS

Sequentially list conditions, if any, leading to immediate cause. Enter UNDERLYING CAUSE (disease or injury that initiated events resulting in death) LAST

DUE TO (OR AS A CONSEQUENCE OF)
DUE TO (OR AS A CONSEQUENCE OF)
DUE TO (OR AS A CONSEQUENCE OF)

PART II - Other significant conditions contributing to death but not resulting in underlying cause given in Part I.

WAS AUTOPSY PERFORMED? (Yes or No): NO
WERE AUTOPSY FINDINGS AVAILABLE PRIOR TO COMPLETION OF CAUSE OF DEATH (Yes or No):

MED. EXAM. NOTIFIED? (Yes or No): NO
MANNER OF DEATH: ☒ NATURAL ☐ HOMICIDE ☐ COULD NOT BE DETERMINED ☐ ACCIDENT ☐ SUICIDE ☐ PENDING INVESTIGATION
DATE OF INJURY (Mo., Day, Yr.)
TIME OF INJURY
INJURY AT WORK (Yes or No):

DESCRIBE HOW INJURY OCCURRED
PLACE OF INJURY (At home, farm, street, factory, office bldg., etc.) Specify
LOCATION (No. & St., City/Town, State)

To the best of my knowledge, death occurred at the time, date, and place and due to the cause(s) stated.
(Signature and Title): David M. Miller, MD
DATE SIGNED (Mo., Day, Yr.): Aug 30, 2004
HOUR OF DEATH: 6:15 P M
NAME OF ATTENDING PHYSICIAN IF NOT CERTIFIER

On the basis of examination and/or investigation in my opinion death occurred at the time, date, and place and due to the cause(s) stated.
(Signature and Title)
DATE SIGNED (Mo., Day, Yr.)
HOUR OF DEATH
PRONOUNCED DEAD (Hr.)

NAME AND ADDRESS OF CERTIFYING PHYSICIAN OR MEDICAL EXAMINER (Type or Print): David M Miller, MD 2 Essex Center Drive, Peabody, MA 01960
LICENSE NO. OF CERTIFIER: 204389

WAS THERE A PRONOUNCEMENT FORM? (Yes or No): YES
IF YES, TIME PRONOUNCED: AUG. 28, 2004 1:15 PM
NAME OF PRONOUNCER: Brenda L. Sawyer
TITLE: ☒ R.N. ☐ P.A.

DATE BURIAL PERMIT ISSUED
SIGNATURE BD. OF HEALTH AGENT: Aug 31, 2004
CLERK'S SIGNATURE: Joseph L. Collins
RECEIVED IN THE CITY/TOWN OF: Danvers
DATE OF RECORD: August 31, 2004

PERMANENT BLACK INK ONLY
R-301-01

ATTEST: A TRUE COPY
Joseph L. Collins
TOWN CLERK DANVERS

**Commonwealth of Massachusetts**
**The Trial Court**

Essex _____ **Division**     **Probate and Family Court Department**     Docket No. 04 P2571-AT1

**Special Administration**

Name of Decedent _Margaret Cormier aka Margaret Mary Cormier and_
_Margaret M. Cormier_
Domicile at Death ___3 Greenleaf Drive_____ __Danvers,MA_____
                        (street and no.)                                    (city or town)
___Essex_____ ___01923_____Date of Death _8/28/04_____
   (county)            (zip)

Name and address of Petitioner(s) ___Rene Cormier___ _3 Greenleaf Dr_
_Danvers, MA 01923_ _____ Status _Appointment for litigation_

Respectfully represent(s) that said decedent died possessed of goods and estate remaining to be administered, and that there is delay in securing the appointment of _the interest of a judgement or_
_settlement for wrongful death_____ of the estate of said decedent by reason of _requiring special administration_____

[X] The petitioner(s) hereby certif _ies_ that a copy of this document, along with a copy of the decedent's death certificate has been sent by certified mail to the **Division of Medical Assistance, P.O. Box 15205, Worcester, Massachusetts 01615-9906.**

Wherefore your petitioner(s) pray(s) that he/she/they or some other suitable person:_____ of ___Rene Cormier  3 Greenleaf Drive_____
                                      (street and no.)
___Danvers, MA____ ___Essex_____ ___01923_____may be appointed special
   (city or town)            (county)            (zip)

administrator/administratrix of said decedent and may be authorized to take charge of all the real estate of said decedent and to collect rents and make necessary repairs; and may be authorized to continue the business of the decedent for the benefit of his/her estate, and certif _ies_ under the penalties of perjury that the statements herein contained are true to the best of his/her/their knowledge and belief.

Date___ _Aug 18, 2005_____     Signature _Rene' V. Cormier_

The undersigned hereby assent to the foregoing petition.

___Mark Cormier (RVC)_____     _____
___Michelle Cormier (RVC)_____     _____
___Ninette Cormier (RVC)_____     _____

**DECREE**

All persons interested having been notified in accordance with the law or having assented and no objections being made thereto, it is decreed that __Rene Cormier_____ of __Danvers_____
_____ in the County of___Essex_____ be appointed administrat _rix___ of said estate, first giving bond with _____ sureties, for the due performance of said trust. until November 18, 2005, and that she may be authorized to act as prayed for.

Date___ _August 18, 2005_____     _____
                                       Justice of the Probate and Family Court

CJ-P 8 (11/01)

I, Pamela Casey O'Brien, Register of Probate Court for Essex County do hereby certify that the foregoing is a true copy of a document on file in this court.

IN WITNESS, Whereof, I have set my hand and affixed the seal of said Court this ___ AUG 1 8 2005

ESSEX, SS                                           PROBATE COURT

CERTIFIED          REGISTER OF PROBATE          A TRUE COPY

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Rene Cormier, Individually and as Voluntary Executor for the Estate of Margaret Cormier

## DEFENDANTS

Wyeth dba Wyeth, Inc.; Wyeth Pharmaceuticals, Inc.; Pharmacia & Upjohn Company LLC; Pfizer Inc.; Greenstone Ltd.

**(b)** County of Residence of First Listed Plaintiff    Essex County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Donald R. Grady, Jr., Sheff Law Offices, P.C.
10 Tremont Street, 7th Floor, Boston, MA 02108
617-227-7000
Additional counsel in attachment.

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [X] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** [ ] 362 Personal Injury — Med. Malpractice | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [X] 365 Personal Injury — Product Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 330 Federal Employers' Liability | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 385 Property Damage Product Liability | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| | | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sec. 1332 (diversity).  Personal injury arising from plaintiffs' ingestion of drugs manufactured by defendants.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Judge William R. Wilson, Jr.

DOCKET NUMBER  MDL 1507

DATE

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) ___Rene Cormier v. Wyeth, et al.___

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

- [ ]  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

- [x]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

- [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

- [ ]  V.    150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]    NO [x]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
    YES [ ]    NO [x]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]    NO [ ]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).
    YES [ ]    NO [x]

    A.   If yes, in which division do all of the non-governmental parties reside?
         Eastern Division [ ]    Central Division [ ]    Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
         Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Donald Grady, Jr., Esq.__
ADDRESS __Sheff Law Offices, P.C., 10 Tremont Street, Boston, MA  02108__
TELEPHONE NO. __(617) 227-7000__

(CategoryForm.wpd  - 5/2/05)